■ LILLIAN WEEKS, Individually and as Guardian ad Litem for LESLIE WEEKS, an Infant, Respondent, v. LOUIS JANKOWITZ, Appellant.— Order, entered November 24, 1964, denying defendant's motion under CPLR 3216 to dismiss the complaint for failure to prosecute, unanimously reversed on the law, on the facts, and in the exercise of discretion, with $30 costs and disbursements to the appellant, and the motion granted, with $10 costs. In this personal injury negligence action the only explanation for the delay of over four-and-a-half years in prosecuting this action is that the file in the office of plaintiff's attorney had been mislaid. Such an excuse is not sufficient (*Sortino* v. *Fisher,* 20 A D 2d 25, 29). The affidavit of the infant plaintiff's mother is conclusory in form and gives no evidentiary facts showing that defendant was negligent. It does not sufficiently show that plaintiffs have a meritorious cause of action (*Sortino* v. *Fisher, supra,* pp. 31–32). Having decided this motion in favor

of defendant by order dated May 27, 1964, it was an abuse of discretion for Special Term to vacate that order and to decide this motion on the basis of the amendment to CPLR 3216 effective September 1, 1964 (*Teto* v. *Fleet Chevrolet Corp.*, 22 A D 2d 672). Moreover, even if this amendment to CPLR 3216 were applicable, the motion to dismiss should be granted, as it is not founded on plaintiff's failure to file a note of issue (*Mulinos* v. *Coliseum Constr. Corp.*, 22 A D 163; cf. *Brown* v. *Weissberg*, 22 A D 2d 282). Concur — Breitel, J. P., Rabin, Valente, Eager and Bastow, JJ.